**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket Nos. 52097/52098/52099**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Filed: December 22, 2025** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| **ERIN THERESE TAYLOR,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Buchanan, District Judge. Hon. Ross D. Pittman, District Judge. Hon. Cynthia K.C. Meyer, District Judge.

Order revoking probation, <u>affirmed</u>; judgments of conviction and sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

In these consolidated appeals, Erin Therese Taylor pled guilty to possession of methamphetamine and misdemeanor driving under the influence, Idaho Code §§ 37-2732(c)(1), 18-8004. In exchange for her guilty plea, additional charges were dismissed. The district court imposed a unified term of four years with two years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Taylor on probation for two years (Docket No. 52097). In Docket No. 52098, Taylor pled guilty to introduction of major contraband into a correctional facility, I.C. § 18-2510. In Docket No.

52099, Taylor pled guilty to possession of methamphetamine with intent to deliver, I.C. § 37-2732(b)(4)(A); possession of fentanyl, I.C. § 37-2732(c)(1). Pursuant to a global resolution plea agreement, Taylor admitted to violating her probation and additional charges were dismissed. The district court revoked Taylor's probation and executed her underlying sentence of four years with two years determinate in Docket No. 52097. The district court further imposed concurrent sentences of twelve years with five years determinate for possession of methamphetamine with intent to deliver, seven years with five years determinate for possession of a fentanyl, five years determinate for possession of a firearm, and five years determinate for introduction of a major contraband into a correctional facility. Taylor appeals, contending that the district court abused its discretion by revoking her probation and imposing an aggregate sentence of twelve years with five years determinate.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and

2

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion either in revoking probation or by imposing Taylor's sentences. Therefore, the order revoking probation and directing execution of Taylor's previously suspended sentence is affirmed; Taylor's judgments of conviction and sentences are also affirmed.